BROWNSTEIN HYATT FARBER SCHRECK, LLP
Jonathan C. Sandler, Bar No. 227532
jsandler@bhfs.com
Alexander R. Wolfe, Bar No. 339396
awolfe@bhfs.com
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918
Telephone: 310.500.4600
Facsimile: 310.500.4602

Attorneys for Defendant
NELNET SERVICING, LLC erroneously named as
NELNET, INC.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PETER ZOCCO, individually and on behalf of all other similarly situated,

Plaintiff,

v.

NELNET, INC.,

Defendant.

Case No. 5:25-cv-04470-NW

**DEFENDANT NELNET SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

[*Filed concurrently with [Proposed] Order*]

Date: June 17, 2026
Time: 9:00 a.m.
Ctrm: 3, 5th Floor
Judge: Hon. Noël Wise

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on June 17, 2026 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Noël Wise, United States District Court Judge, in Courtroom 3, 5th Floor of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose,

California 95113, Defendant NELNET SERVICING, LLC, by and through its undersigned counsel, will move to dismiss ("Motion") certain claims asserted by Plaintiff PETER ZOCCO, individually and on behalf of all other similarly situated ("Plaintiff").

Defendant's Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this Court does not have subject matter jurisdiction because Plaintiff lacks standing as to all causes of action in Plaintiff's First Amended Complaint ("FAC") and Plaintiff's first and second claims fail to state a claim for which relief may be granted against Nelnet. This Motion is based on the accompanying Memorandum of Points and Authorities, the documentation on file, and such other argument of counsel as the Court may wish to consider.

This Motion is made following the conference of counsel.

Dated: March 26, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jonathan C. Sandler
Jonathan C. Sandler
Alexander R. Wolfe
Attorneys for Defendant
NELNET SERVICING, LLC
erroneously named as NELNET, INC.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 8
II. BACKGROUND ........ 8
III. STANDARD OF REVIEW ........ 11
IV. ARGUMENT ........ 12
A. Zocco Lacks Standing to Bring Either His CIPA Claims or California Constitutional Claim. ........ 12
***1. CIPA claims*** ........ 12
***2. Invasion of Privacy under the California Constitution*** ........ 14
B. The FAC Fails to State a Claim for Violation of Section 631(a) of CIPA. ........ 16
***1. The Crime-Tort Exception Does Not Apply.*** ........ 17
***2. Zocco Fails to State a Plausible Section 631 Claim.*** ........ 18
C. The FAC Fails to State a Claim for Violation of Section 632 of CIPA. ........ 19
***1. Zocco's Section 632 claim is implausible because he fails to sufficiently allege a "communication."*** ........ 20
***2. Zocco does not plausibly allege "confidential" communications.*** ........ 22
***3. Zocco does not plausibly allege eavesdropping or recording.*** ........ 23
***4. Section 632 does not support aiding-and-abetting liability.*** ........ 24
D. Zocco's CIPA Claims Should be Dismissed with Prejudice. ........ 24
V. CONCLUSION ........ 25

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

# TABLE OF AUTHORITIES

*Page(s)*

*Federal Cases*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..... 11

*Boudette v. Barnette*,
923 F.2d 754 (9th Cir. 1991) ..... 24

*Branch v. Umphenour*, No.,
108CV1655SABPC, 2020 WL 417534 (E.D. Cal. Jan. 27, 2020) ..... 24

*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655 (9th Cir. 1992) ..... 25

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) ..... 18

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ..... 15

*Goulart v. Cape Cod Healthcare, Inc.*,
2025 WL 1745732 n.3 (D. Mass. June 24, 2025) ..... 18

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ..... 18

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ..... 16, 18, 19

*In re Apple Data Priv. Litig.*,
No. 5:22-CV-07069-EJD, 2026 WL 146025 (N.D. Cal. Jan. 20, 2026) ..... 20, 21, 22

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ..... passim

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)....................17

*L.B. v. LinkedIn Corp.*,
No. 5:24-CV-06832-EJD, 2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) ..........23

*Licea v. Vitacost.com, Inc.*,
683 F. Supp. 3d 1118 (S.D. Cal. 2023) ....................16

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)....................12

*Maghoney v. Dotdash Meredith, Inc.*,
No. 24-CV-2394-AJB-BJW, 2026 WL 497402 (S.D. Cal. Feb. 23, 2026) .........12

*Marble Voip Partners LLC v. Zoom Video Commc'ns, Inc.*,
No. 23-CV-03619-JSW, 2024 WL 86859 (N.D. Cal. Jan. 8, 2024) ....................17

*Mike Goldstein v. Rumble Inc.*,
No. CV 25-06304-MWF (SKX), 2025 WL 3691987
(C.D. Cal. Nov. 6, 2025)....................18, 19

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ....................11, 19

*O'Shea v. Littleton*,
414 U.S. 488 (1974)....................15

*Patel v. City of Los Angeles*,
No. 2:13-CV-09358-SVW-AS, 2014 WL 12691064
(C.D. Cal. Sept. 18, 2014) ....................25

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022)....................18

*Ramirez v. LasikMD USA, Inc.*,
No. 24-CV-2221-CAB-DDL, 2026 WL 194855 (S.D. Cal. Jan. 26, 2026).........15

*Rodriguez v. Autotrader.com, Inc.*,
762 F. Supp. 3d 921 (C.D. Cal. 2025)....................16

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

*Santos v. Alaska Bar Ass'n*,
618 F.2d 575 (9th Cir. 1980) .......... 11

*Silvers v. Sony Pictures Ent., Inc.*,
402 F.3d 881 (9th Cir. 2005) .......... 24

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 19

*Swarts v. The Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. Aug. 30, 2023) .......... 16, 23

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 12

*Turner v. Nuance Commc'ns, Inc.*,
735 F. Supp. 3d 1169 (N.D. Cal. 2024) .......... 23

*United States v. Alexander*,
106 F.3d 874 (9th Cir. 1997) .......... 17

*Wooten v. BioLife Plasma Servs. L.P.*,
807 F. Supp. 3d 1139 (E.D. Cal. 2025) .......... 12, 13, 14

*State Cases*

*Gruber v. Yelp Inc.*,
55 Cal. App. 5th 591 (2020) .......... 20

*People v. Drennan*,
84 Cal. App. 4th 1349 (2000) .......... 20, 21, 23, 24

*Tavernetti v. Superior Ct.*,
22 Cal. 3d 187 (1978) .......... 16

*Federal Statutes*

18 U.S.C. § 2511(2)(d) .......... 17, 19

*State Statutes*

Cal. Const. art. I, § 1 .......... 15

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

Cal. Penal Code § 631 .......... 24

Cal. Penal Code § 632 .......... 20, 22, 23, 24

Cal. Penal Code § 632(a) .......... 23, 24

Cal. Penal Code § 632(c) .......... 20, 23

*Federal Rules*

Fed. R. Civ. P. 12(b)(1) .......... 11

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) .......... 9

Fed. R. Civ. P. 12(b)(6) .......... 11

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its January 29, 2026 Order Granting In Part And Denying In Part Motion To Dismiss And Granting Motion To Seal ("Order"), the Court dismissed Plaintiff Peter Zocco's ("Zocco") Electronic Communications Privacy Act ("ECPA") and California Invasion of Privacy Act ("CIPA") claims. The Court concluded that Zocco failed to plausibly allege Nelnet intercepted his personally identifying information ("PII") for the purpose of committing a crime or tort as necessary to invoke the "crime-tort exception" to the party exception barring ECPA and CIPA liability. Rather than dismissing the claims with prejudice, the Court provided Zocco with a path to potentially revive his ECPA and CIPA claims: he needed to allege ***how*** Nelnet violated the Gramm-Leach-Bliley Act ("GBLA"), the California Financial Information Privacy Act ("CFIPA"), or some other crime or tort, and that such violation was the ***purpose*** for Nelnet's interception of the PII.

But Zocco did not take this path in the FAC [Docket No. 38-1, redline showing changes from the Complaint to FAC]. Instead, Zocco abandoned his ECPA claim and merely added conclusory aiding-and-abetting allegations duplicative of allegations that already existed in the Complaint. The FAC is otherwise materially indistinguishable from the Complaint. The FAC does not allege any new crimes or torts, how Nelnet violated the GLBA or CFIPA, or that Nelnet intercepted Zocco's PII for the purpose of committing any crime or tort.

Zocco has thus failed twice to state plausible CIPA claims, so dismissal with prejudice is appropriate. Moreover, as cases decided since Nelnet filed its first motion to dismiss make clear, Zocco lacks standing to bring his CIPA claims and invasion of privacy claim under the California Constitution.

## II. BACKGROUND

Nelnet is a federal student loan servicer that allows borrowers, including

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

Zocco, to manage and pay their student loans online at Nelnet.studentaid.gov ("Website"). ECF 38 [FAC] ¶¶ 1, 2, 6, 8, 31, 35.[1]

In his initial Complaint, Zocco alleged that Nelnet embedded Google Analytics into the Website, enabling Google to collect various forms of borrower data, including: IP addresses; versions of users' operating systems; browsers; HTTP requests and responses; languages; screen resolutions; "Custom Events;" URLs; User-IDs; the last four digits of phone numbers; and part of user email addresses. *See, e.g.*, Compl. ¶¶ 50, 56, 70, 74. The Complaint further alleged that Google uses this information, along with the vast network of consumer information that it already possesses, to identify and track the individual borrowers during and after they visit the Website. *See id.* ¶¶ 65, 72. Zocco alleged this monitoring and data compilation ultimately enabled Google to target borrowers with specific advertisements and generate profits for Google and Nelnet. *See id.* The Complaint alleged four claims against Nelnet: (1) violation of the ECPA; (2) violation of CIPA Section 631(a); (3) violation of CIPA Section 632; and (4) invasion of privacy under the California Constitution. *See id.* ¶¶ 90-154.

Nelnet moved to dismiss the Complaint ("First Motion to Dismiss"). *See* Defendant Nelnet Servicing, LLC's Notice of Motion and Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ECF 19. On January 29, 2026, the Court granted Nelnet's First Motion to Dismiss in part, dismissing Zocco's ECPA and CIPA claims (Claims I-III) without prejudice. ECF 35 [Order] at 4:2-4. The Order concluded the allegations in the FAC failed to satisfy the crime-tort exception to the party exception to ECPA and CIPA liability. *Id.* at 8:9-14. The Order elaborated that the Complaint "fail[ed] to state how Nelnet allegedly violated [the GLBA or CFIPA] and that the violation was the purpose for the interception[;]" that Zocco "seem[ed] to acknowledge" Nelnet was motivated by

---

[1] Nelnet does not concede the allegations in the FAC, but accepts them as true for purposes of this Motion.

financial gain "rather [than] for the purpose of committing a crime or tort[;]" and that Zocco "need[ed] to adequately allege that Nelnet's conduct violated the law to make use of the crime-tort exception." *Id.* at 9:3-4, 5, 6-7, 7-8. This Court twice noted that "the party exception analysis is the same for both the ECPA and CIPA claims[.]" *Id.* at 9 n.6; *see also id.* at 7 n.5.

In response to the Order, Zocco filed the FAC. *See* ECF 38 [FAC]. Despite the Court expressly stating that the ECPA and CIPA analyses are the same, Zocco tellingly abandoned his ECPA claim. *Compare* Compl. ¶¶ 90-113 (ECPA claim) *with* FAC ¶¶ 90-130 (omitting an ECPA claim and making minor changes to account for Zocco no longer having federal question jurisdiction); *Compare also, e.g.*, Compl. ¶ 9 *with* FAC ¶ 9. Other than eliminating the ECPA claim and adjusting for its absence, Zocco made no material additions to the FAC.

Instead, Zocco merely added conclusory aiding-and-abetting language to two allegations in the FAC[2] that is duplicative of allegations that already existed in the Complaint. *See* FAC ¶ 4 (alleging that Nelnet "aids, employs, agrees with, or otherwise enables Google LLC ("Google") to eavesdrop on communications sent and received by Plaintiff and Clas[s] Members"); *id.* ¶ 75 (alleging that "Defendant assisted Google with intercepting and eavesdropping upon Plaintiff's communications with Defendant"). Indeed, Zocco used virtually the same aiding-and-abetting language in the Complaint ***and*** incorporated it by reference into Zocco's CIPA claims therein. *See, e.g.*, Compl. ¶ 33 ("Unbeknownst to [Zocco] and Class Members, however, [Zocco] aids, agrees with, employs, or otherwise enabled Google Analytics to eavesdrop on those confidential communications using their respective wiretaps."); *id.* ¶ 74 ("Defendant further assists Google by disclosing the personal information sufficient for Google to uncover its users' identities."); *id.* ¶ 29 (vaguely alleging Nelnet "enabled" interception of PII in

[2] Zocco also added language to Paragraph 29, but it only altered allegations about Google's conduct, not Nelnet's conduct. *Compare* Compl. ¶ 29 *with* FAC ¶ 29.



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

transit by Google Analytics); *id.* ¶ 64 ("As enabled by [Nelnet], Google collects vast quantities of consumer data through its tracking technology."); *see also id.* ¶¶ 114, 126. In other words, the FAC presents no new allegations of how Nelnet violated the GLBA, CFIPA, or any other crime or tort, or how Nelnet aided and abetted any crime or tort. Nor does the FAC allege that Nelnet's purpose for intercepting Zocco's PII was to commit or aid and abet a crime or tort. *See* Order at 9:3-4, 5, 6-7, 7-8.

With Zocco having failed to correct the deficiencies in his Complaint, Nelnet now asks this Court to dismiss the FAC with prejudice.

## III. STANDARD OF REVIEW

A defendant may challenge the court's subject matter jurisdiction to adjudicate a claim at any time under Fed. R. Civ. P. 12(b)(1). *See Santos v. Alaska Bar Ass'n*, 618 F.2d 575, 577 (9th Cir. 1980). To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To meet this burden, "the non-conclusory 'factual content'" of a plaintiff's complaint and "reasonable inferences from that content," must be at least be "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Twombly*, 550 U.S. at 557).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

## IV. ARGUMENT

### A. Zocco Lacks Standing to Bring Either His CIPA Claims or California Constitutional Claim.

#### *1. CIPA claims*

Zocco lacks standing to bring his CIPA claims, and this Court thus lacks subject matter jurisdiction, because the FAC does not establish that he suffered an injury in fact.

"To establish Article III standing, a plaintiff must show: (1) an injury in fact, (2) a sufficient casual connection between the injury and the conduct complained of (i.e., traceability), and (3) a likelihood that the injury will be redressed by a favorable decisions (i.e., redressability)." *Maghoney v. Dotdash Meredith, Inc.*, No. 24-CV-2394-AJB-BJW, 2026 WL 497402, at *4 (S.D. Cal. Feb. 23, 2026) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "Bare statutory violations are insufficient to establish injury in fact, but lawmakers may 'elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate' to confer standing." *Id.* (alteration omitted) (quoting *Lujan*, 504 U.S. at 578). "By enacting CIPA, the California legislature 'codified a substantive right to privacy, the violation of which gives rise to a concrete injury sufficient to confer standing.'" *Id.* (alteration omitted) (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020)). "But the codification of this right 'does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm[.]'" *Id.* (alteration omitted) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)).

In *Wooten v. BioLife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1142 (E.D. Cal. 2025), the court held that the plaintiffs failed to allege a concrete and actual injury and therefore lacked standing. The plaintiffs alleged that "third party trackers installed by defendants intercept[ed] [plaintiffs'] email address, the user's IP address, and the fact that the user visited the website" when users input

information into the website to create an account. *Id.* That interception enabled the tracker to "determine the [user's] device's state, city, zip code, and approximate latitude and longitude." *Id.* The "intercepted email address and IP address together enable[d] third parties to link users' identities across multiple websites and apps, through a process known as 'ID bridging.'" *Id.* This bridging enabled the third-party trackers to "follow users all over the internet and feed them advertisements" and use the data collected from them "for research and marketing purposes for both defendants and the third parties." *Id.* (alteration and internal quotation marks omitted). The plaintiffs brought claims for, among other causes of action, violations of CIPA Section 631. *See id.* at 1142-43.

Despite the above allegations, the *Wooten* court concluded that plaintiffs failed to establish a concrete injury. *See id.* at 11144. The court observed that "[c]ourts have held that there is no legally protected privacy interest in an IP address or, in many contexts, in such relatively quotidian private information as an email address." *Id.* The harms plaintiffs posited, including disclosing an email address and IP address, "without more, [did] not bear similarity to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.*

*Wooten* also concluded that the plaintiffs did "not sufficiently allege any *actual* injury." *Id.* at 1145 (emphasis in original). "Rather, [the plaintiffs] alleged that the third-party trackers have the *capability* to use these pieces of information to engage in ID bridging, which could then result in targeted advertising and could contribute to defendants' marketing, advertising, and data analytics efforts." *Id.* Importantly, the "plaintiffs [did] not allege that [the] defendants themselves took any such actions. Nor did plaintiffs specifically allege that they were subject to any such advertising." *Id.* The plaintiffs' allegations of "retention of noninvasive information alone [were] insufficient to establish Article III standing." *Id.*

As in *Wooten*, Zocco fails to allege a concrete injury to a legally protected

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

interest. Zocco alleges the interception of information like IP addresses and (partial) email addresses that *Wooten* specifically recognized cannot support a concrete injury. *See id.* at 1144; FAC ¶¶ 50, 56, 70, 74. Zocco also alleges similar "relatively quotidian private information" that cannot support a concrete injury like versions of operating systems, browsers, languages, screen resolutions, URLs, and User-IDs. *Wooten*, 807 F. Supp. 3d at 1144; *See* FAC ¶¶ 50, 56, 70, 74. And interception of the information alleged in the FAC would not be "actionable at common law" under a claim of, for example, intrusion upon seclusion, so Zocco cannot satisfy the concreteness requirement. *Wooten*, 807 F. Supp. 3d at 1144.

Zocco also fails to allege any actual injury for the same reasons that the plaintiffs in *Wooten* failed to do so. Like the *Wooten* plaintiffs, Zocco alleges that Nelnet installed software (Google Analytics) on its website, which has the *capability* to intercept or derive user information, including (partial) email addresses and IP addresses. *See* FAC ¶¶ 50, 56, 70, 74. Also like the *Wooten* plaintiffs, Zocco alleges the intercepted information is then used to track users across websites and generate targeted advertisements. *Compare id.* ¶¶ 58-66 (describing a "browser-fingerprint") *with Wooten*, 807 F. Supp. 3d at 1141 (describing "ID bridging"). And, like the plaintiffs in *Wooten*, Zocco fails to allege that Nelnet itself took the actions of compiling Zocco's information, creating a browser-fingerprint, or engaging in targeted advertising—rather than simply installing third-party software. Nor does Zocco allege that he was ever subjected to a targeted ad.[3] *See Wooten*, 807 F. Supp. 3d at 11415.

Zocco thus lacks standing to bring his CIPA claims.

### 2. *Invasion of Privacy under the California Constitution*

Zocco lacks standing to bring his claim for invasion of privacy under the

[3] While *Wooten* did not consider an aiding-and-abetting theory, *Wooten* still applies to Zocco's allegations, which do advance such a theory, because Zocco alleges the same underlying harm—installing tracking software—that was found insufficient to establish an actual and concrete injury in *Wooten*. *See* 807 F. Supp. 3d at 1142-43.



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

California constitution because he failed to allege that he will continue using the Website and Nelnet will continue making unauthorized disclosures. "A plaintiff must show standing with respect to each form of relief sought." *Ramirez v. LasikMD USA, Inc.*, No. 24-CV-2221-CAB-DDL, 2026 WL 194855, at *4 (S.D. Cal. Jan. 26, 2026) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011)). A constitutional invasion of privacy claim "is limited to a claim for injunctive relief which is prospective." *Id.* "To establish standing for prospective injunctive relief, a plaintiff may not rely solely on past exposure to illegal conduct." *Id.* (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

In *Ramirez*, the court concluded that the plaintiff failed to demonstrate that "he is subject to the likelihood of actual and imminent future injury" sufficient to establish standing to bring his invasion of privacy claim. *Id.*; *see* Cal. Const. art. I, § 1. The plaintiff "allege[d] he used [the defendant's] [w]ebsite to schedule medical treatments, and these communications were disclosed to a third party without his consent, which led him to receive targeted advertisements." *Ramirez*, 2026 WL 194855, at *4. These allegations could not establish standing because "whether [the third party] continue[d] to use [the] [p]laintiff's sensitive health information . . . [was] not controlled by" the defendant, and the plaintiff failed to allege that he would continue to use the defendant's website or that the defendant would continue to make unauthorized disclosures of his information. *See Ramirez*, 2026 WL 194855, at *4.

Zocco's allegations do not establish that he has standing to bring his invasion of privacy claim, which can be remedied only by prospective injunctive relief. *See id.* Zocco does not allege that Nelnet has any control over whether Google will continue to use the information about Zocco that Nelnet allegedly disclosed to Google, nor does Zocco allege that he will continue to use the Website, or that Nelnet will continue to disclose his information. *See id.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

Zocco thus lacks standing to bring his invasion of privacy claim.

**B. <u>The FAC Fails to State a Claim for Violation of Section 631(a) of CIPA.</u>**

Zocco fails to allege a Section 631(a) claim because Nelnet was a party to Zocco's alleged communications, Nelnet is not alleged to have violated Section 631(a) for the purpose of committing a crime or tort, and Zocco does not plausibly allege Nelnet used Google Analytics as more than a tool.

Section 631(a) contains "three clauses that [create liability for] 'three distinct and mutually independent patterns of conduct,' including" a first clause for intentionally tapping or making an unauthorized connection, "a [second] clause . . . for secretly intercepting communications, and a [third] clause . . . for using information unlawfully obtained." *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1120 & n.2 (C.D. Cal. 2024) (quoting *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978)). "Section 631(a) also provides for liability for third party violations" under an aiding and abetting provision in clause four, "which imposes liability on a defendant who 'aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned [in Section 631(a)].'" (alteration in original) (quoting *Swarts v. The Home Depot, Inc.*, 689 F. Supp. 3d 732, 743 (N.D. Cal. Aug. 30, 2023)).

But "a 'party to the communication[s]' at issue is exempt from liability under § 631." *Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 927 (C.D. Cal. 2025) (quoting *In re Facebook*, 956 F.3d at 607). Nelnet was a party to the borrower communications alleged in the FAC, so Nelnet is exempt from Section 631(a) liability, including aiding and abetting liability. *See also Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123 (S.D. Cal. 2023) ("[A] website owner that engages a vendor to record website-based communications for the website's own purposes is not thereby aiding and abetting eavesdropping by a third party in violation of Section 631(a).").

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

As discussed, Zocco made no material changes to the allegations in the FAC other than adding extra aiding-and-abetting language that was already in the Complaint and incorporated by reference into his CIPA claims. *Compare, e.g.*, Compl. ¶ 33 *with* FAC ¶¶ 4, 75; *see also* Compl. ¶¶ 114, 126. This Court thus already ruled on the insufficiency of the allegations in the FAC.[4] Nothing in the FAC changes that the party exception applies to Nelnet, requiring Zocco's Section 631(a) claim be dismissed.

### ***1. The Crime-Tort Exception Does Not Apply.***

There is only one way Zocco could attempt to hold Nelnet liable as a party to his communications, but Zocco fails to allege it applies. The party exception "does not apply . . . where the interceptor acts 'for the purpose of' committing any crime or tort in violation of state or federal law." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 796 (N.D. Cal. 2022) (quoting 18 U.S.C. § 2511(2)(d)); *see* Order at 8:6-9:18 & n.6 (stating that the crime-tort exception under § 2511(2)(d) applies to the CIPA party exception and applying the former to the latter); *In re Facebook*, 956 F.3d at 607 ("Courts perform the same analysis for both the Wiretap Act and CIPA regarding the party exemption.").

The FAC does not include any new allegations addressing the crime-tort exception. *Compare, e.g.*, Compl. ¶ 33 *with* FAC ¶¶ 4, 33, 75. And the Court already held the initial Complaint failed on this front. The FAC does not allege "how Nelnet allegedly violated" the GLBA, CFIPA, or some other crime or tort any

---

[4] Further, particularly because Zocco makes no new allegations, any argument he could raise that the party exception does not apply is barred by the law of the case doctrine, which "generally preclude[s] [a court] from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Marble Voip Partners LLC v. Zoom Video Commc'ns, Inc.*, No. 23-CV-03619-JSW, 2024 WL 86859, at *2 (N.D. Cal. Jan. 8, 2024) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). However, this Court "may exercise its discretion and decline to follow the law of the case where '1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.'" *Id.* (quoting *Alexander*, 106 F.3d at 876). None of these five exceptions applies here.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

more than the Complaint (insufficiently) alleged. Order at 9:3-4. Nor does the FAC allege any more than the Complaint that Nelnet's purpose in allegedly intercepting PII was to commit a tortious or criminal violation rather than just to profit. *See id.* at 9:4-7; *see also* FAC ¶ 72 (alleging that Google Analytics allows "companies, including Defendant, ***to profit***" (emphasis added)).

Because Zocco added no new allegations to support the crime-tort exception, thus failing to heed this Court's directive, the Court should dismiss Zocco's Section 631(a) claim with prejudice.[5]

***2. Zocco Fails to State a Plausible Section 631 Claim.***

Zocco does not plausibly allege that Nelnet used Google Analytics as anything more than a "tool . . . that allow[ed] [Nelnet] to record and analyze its own data in aid of [Nelnet's] business," which cannot support aiding-and-abetting liability. *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021).

"[T]o avoid the party exception [and establish aiding and abetting liability], a plaintiff must plausibly allege that the third-party software provider has the capability to use the communications for a purpose other than one on behalf of the defendant." *Heiting*, 728 F. Supp. 3d at 1121. "When website code is used to merely store or relay information for the website itself, courts treat that code akin to a tape recorder or tool used by the site and thus find no third-party interception." *Mike Goldstein v. Rumble Inc.*, No. CV 25-06304-MWF (SKX), 2025 WL

---

[5] Even if the FAC alleges Nelnet committed a crime or tort—it does not—that crime or tort must be ***independent*** of the alleged CIPA violation, which Zocco does not allege. *See Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 849 (E.D. Cal. 2025) (requiring a plaintiff to allege that the defendant acted with a "criminal or tortious purpose that is separate and independent of the act of the recording" (alteration omitted) (quoting *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022)); *Goulart v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732, at *4 n.3 (D. Mass. June 24, 2025) (dismissing an ECPA claim because it failed to allege "a crime or tort beyond the alleged interception itself"); *In re Facebook*, 956 F.3d at 607 (acknowledging the same analysis applies for CIPA and ECPA claims). Zocco's Section 632 claim (discussed below) likewise fails to allege a crime or tort independent of the interception giving rise to the alleged CIPA violation.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

3691987, at *3 (C.D. Cal. Nov. 6, 2025). "But when data is transmitted to an independent entity that uses or is capable of using the data for that entity's own purposes, courts treat the third-party code as an eavesdropper and allow aiding and abetting claims to proceed against the website's owner." *Id.*

Zocco concedes that Google Analytics is a "tool for website traffic analysis." FAC ¶¶ 45, 46. Yet the FAC does not demarcate where Nelnet's permissible alleged use of Google Analytics as a tool for organizing the information voluntarily communicated by borrowers to Nelnet ends and Nelnet's alleged aiding and abetting of Google's violations of Section 631(a) begins. *See id.* ¶¶ 31-81. While Zocco alleges various forms of "SDKs" and "tracking pixels" associated with Google, he lumps them all under the umbrella of "Google Analytics." *See* FAC ¶¶ 44-47, 56-58. Further, Zocco describes some of these variations of SDKs, tracking pixels, or Google Analytics as "[being] used to store or relay information for [Nelnet's Website] itself," not as having capabilities beyond serving as a tool to Nelnet. *Goldstein*, 2025 WL 3691987, at *3; *see, e.g.*, FAC ¶¶ 52-54 (alleging that Nelnet intercepts data and transmits it to Google, which then uses the data to prepare reports for Nelnet). The lack of clarity as to what specific tools Nelnet uses for its own purposes and what tools additionally give Google the capability to use data for advertising purposes renders Zocco's claim for aiding and abetting a violation of Section 631(a) implausible. *See Heiting*, 728 F. Supp. 3d at 1121; *Moss*, 572 F.3d at 969.[6]

### C. The FAC Fails to State a Claim for Violation of Section 632 of CIPA.

Similarly, "[t]o state a claim under § 632, [Zocco] must show there was (1) an electronic [eavesdropping or] recording of (2) a confidential communication and (3) all parties did not consent." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d

[6] Additionally, as described in Section C.1. below, the data Google Analytics allegedly intercepted does not qualify as a "confidential communication" under CIPA, so both Zocco's Section 631(a) and Section 632 claims are implausible.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

933, 943 (N.D. Cal. 2024). Courts apply the party exception analysis under 18 U.S.C. 2511(2)(d) to Section 632 claims. *See In re Facebook*, 956 F.3d at 597, 607 (applying the party exception analysis to claims for violations of Sections 631(a) and 632).

Zocco's claim for violation of Section 632 fails for the same reasons that his Section 631(a) claim fails. Despite this Court's instruction, he did not provide any new material allegations satisfying the crime-tort exception or showing Nelnet was motivated to commit a crime or tort. *See* Order at 9:3-4, 5, 6-7, 7-8. Further, Zocco's allegations remain insufficient to plausibly establish the confidential communication and eavesdropping or recording elements of a Section 632 claim. And the text of Section 632 does not support Zocco's aiding-and-abetting theory.

***1. Zocco's Section 632 claim is implausible because he fails to sufficiently allege a "communication."***

Under Section 632(c), a "confidential communication" is "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes . . . any [] circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632(c). "Though CIPA itself does not define 'communication,' the California Court of Appeal has interpreted the term to mean 'a singular conversation or exchange shared between two or more participants.'" *In re Apple Data Priv. Litig.*, No. 5:22-CV-07069-EJD, 2026 WL 146025, at *6 (N.D. Cal. Jan. 20, 2026) (quoting *Gruber v. Yelp Inc.*, 55 Cal. App. 5th 591, 607 (2020)). "The exact contours of this definition are still somewhat undefined, but it is clear that 'communication' refers to the substance or content of an exchange of ideas, not the 'non-content-based conduct coincident to the communication.'" *Id.* (quoting *People v. Drennan*, 84 Cal. App. 4th 1349, 1358 (2000)). Data that "pertain[s] to *how*" rather than "*what* information is relayed" is not a communication under

Section 632. *Id.* (emphases in original).

In *Apple Data*, the court observed that "the kind of mobile device [a user uses], the device's screen resolution, the device's keyboard language, what users tapped on [while using the device], which apps users searched for [while using Apple's first-party applications like the "App Store"], and how long an app was used . . . fell into the bucket of 'non-content-based conduct coincident to the communication' as opposed to part of the 'communication' itself." *Id.* at *7. Nor, according to the court, do IP addresses qualify as a communication, nor search terms or URLs if they do not "convey the user's inner thoughts and ideas." *Id.* Although the "[p]laintiffs allege[d] that Apple collected URLs of referral and destination websites, [the] [p]laintiffs [did] not [plead] the specific text of those URLs, so the [c]ourt [was] unable to infer that they contained users' thoughts and ideas" and therefore qualified as communications. *Id.*

Zocco fails to plausibly allege communications. The communications alleged in the FAC include IP addresses, versions of user operating systems, browsers, HTTP requests and responses, languages, screen resolutions, event data, and User-IDs, none of which convey thoughts or ideas. *See id.*; FAC ¶¶ 50, 56, 70, 74. Further, Zocco does not plead the specific text of the URLs he generated or explain how the URLs reflect his thoughts and ideas.[7] So, he has failed to plausibly allege that any URLs allegedly intercepted by Google convey borrower thoughts and ideas sufficient to qualify as communications. *See In re Apple Data*, 2026 WL 146025, at *7.

Zocco's allegations also fail to specify how certain information is *communicated* by the borrower to the Website rather than simply generated incident to the borrower's conduct while on the Website. Zocco alleges users communicate

---

[7] The FAC includes graphics that contain URLs, but these are not alleged to be URLs personally generated by Zocco, and, in any event, the FAC does not explain how the content of the URLs reflect thoughts or ideas. *See* FAC ¶¶ 70, 73.



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

their phone numbers and (partial) email addresses to the Website, and that Google intercepts communication of this information, but provides an example of a graphic requesting that the borrower choose either an email or text message to receive an authentication code. *See* FAC ¶ 70. The only option in the graphic is for the user to send a code to either an email address or an already-populated phone number. *See id.* The borrower thus is not communicating an email address or phone number but generating a communication consisting of only an authentication code. *See id.*

Zocco also alleges that Google Analytics is able to obtain, for example, financial information about borrowers, but he never alleges that a user communicates personal financial information. Another graphic, *see id.* ¶ 73, illustrates this vagueness. In that allegation and graphic, Zocco alleges that a borrower "logs into their Nelnet account and makes a payment or opts for repayment options," *id.*, but he never contends that the borrower is *communicating* financial information in doing so rather than simply selecting options. *See In re Apple Data*, 2026 WL 146025, at *7 (stating that "what users tapped on" while using an application did not qualify as a communication under Section 632).

Zoco's allegations about "browser-fingerprint" identification and tracking also fail to plausibly allege a communication. This is because the "browser-fingerprint" Zocco alleges is an amalgamation of data like the foregoing that are not communications. *See, e.g.*, FAC ¶¶ 58-63, 76; *see also In re Apple Data*, 2026 WL 146025, at *7. While a browser-fingerprint may allegedly enable Google to identify and track a user, neither the browser-fingerprint data collectively nor any of the individual data comprising the fingerprint constitute a "communication" under Section 632. *See id.* Zocco's allegations regarding browser-fingerprints therefore fail to state to a plausible Section 632 claim.

***2. Zocco does not plausibly allege "confidential" communications.***

"Because online 'communications can easily be shared by, for instance, the

recipient(s) of the communications,' 'California appeals courts have generally found that Internet-based communications are not 'confidential' within the meaning of [S]ection 632.'" *L.B. v. LinkedIn Corp.*, No. 5:24-CV-06832-EJD, 2025 WL 2899514, at *18 (N.D. Cal. Oct. 10, 2025) (quoting *Swarts*, 689 F. Supp. 3d at 746-47). "There is generally a '"presumption" that such communications do not give rise to the requisite expectation.'" *Id.* (quoting *Swarts*, 689 F. Supp. 3d at 747).

Zocco only alleges internet communications; that is, communications made to Nelnet on the Website, for which there presumptively is no expectation of privacy under Section 632. *See id.* Zocco's communications thus are presumptively not confidential.

### ***3. Zocco does not plausibly allege eavesdropping or recording.***

Zocco fails to state a plausible Section 632 claim because he does not allege eavesdropping or recording.[8] *See* Cal. Penal Code § 632.

A communication is not a "confidential communication" if it is made under circumstances "in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632(c). "Throughout section 632, subdivision (a), the juxtaposition of the words 'eavesdrops' and 'records' shows that when the Legislature used the word 'records' it intended to prohibit two kinds of intrusion upon a communication: (1) a 'real time' interception of a communication, by which the perpetrator listens to the communication as it occurs; and (2) a mechanical recording of a communication for later playback." *Drennan*, 84 Cal. App. 4th at 1356.

"Section 632 makes it illegal to either 'eavesdrop upon or record' confidential communications. The third party doctrine applies to 'eavesdropping,' but not 'recording.'" *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169,

---

[8] This Court did not reach this issue in the First Motion to Dismiss. While Nelnet believes the same result should occur here, to be complete, Nelnet restates this contention here.



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

1182 (N.D. Cal. 2024) (internal citation omitted) (quoting Cal. Penal Code § 632(a)).

Nelnet was a party to borrowers' communications to the Website, so Nelnet cannot be liable for eavesdropping. *See id.* Furthermore, Zocco failed to plausibly allege either form of recording under *Drennan*. *See* 84 Cal. App. 4th at 1356. Neither Nelnet nor Google are alleged to have "listened" to borrowers' communications with the Website or mechanically recorded them for later playback—nor could they, as borrowers' alleged "communications" consist of information generated incident to users' interactions with the Website or *how* users' information is relayed. *See generally* FAC. The language of Section 632 reflects that it is concerned with eavesdropping or recording *sounds*, so Zocco failed to state a claim under that Section. *See* Cal. Penal Code § 632.

***4. Section 632 does not support aiding-and-abetting liability.***

Additionally, Zocco's Section 632 claim cannot be sustained on the theory that Nelnet aided and abetted Google because, unlike Section 631(a), which expressly provides for liability for aiding or abetting a violation of Section 631, Section 632 does not mention such liability anywhere. *See* Cal. Penal Code §§ 631, 632; *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (commenting that "the doctrine of *expression unius est exclusion alterius* 'as applied in statutory interpretation creates a presumption that when a statute designates certain person, things, or manners of operation, all omissions should be understood as exclusions'" (quoting *Boudette v. Barnette*, 923 F.2d 754, 756-57 (9th Cir. 1991)).

**D. <u>Zocco's CIPA Claims Should be Dismissed with Prejudice.</u>**

The FAC disregarded this Court's requirements for pleading plausible CIPA and ECPA claims and included no material changes from the Complaint. Zocco's omissions reflect that he either will not or cannot cure the deficiencies in his CIPA

claims, so this Court should dismiss his CIPA claims with prejudice. *See Branch v. Umphenour*, No. 108CV1655SABPC, 2020 WL 417534, at *9 (E.D. Cal. Jan. 27, 2020) (concluding "it was appropriate to dismiss [a] claim . . . with prejudice after [the plaintiff] made not changes to the claim" in a subsequent complaint), *aff'd in part, rev'd in part and remanded*, 851 F. App'x 732 (9th Cir. 2021); *Patel v. City of Los Angeles*, No. 2:13-CV-09358-SVW-AS, 2014 WL 12691064, at *1 (C.D. Cal. Sept. 18, 2014) ("Dismissal with prejudice is appropriate if future amendment would be futile." (citing *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)).

## V. CONCLUSION

For all these reasons, this Court should dismiss Zocco's CIPA claims with prejudice and Zocco's invasion of privacy claim without prejudice.

Dated: March 26, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jonathan C. Sandler
Jonathan C. Sandler
Alexander R. Wolfe
Attorneys for Defendant
NELNET SERVICING, LLC

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918