BROWNSTEIN HYATT FARBER SCHRECK, LLP
Jonathan C. Sandler, Bar No. 227532
jsandler@bhfs.com
Alex Wolfe, Bar No. 339396
awolfe@bhfs.com
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918
Telephone: 310.500.4600
Facsimile: 310.500.4602

Attorneys for Defendant
NELNET SERVICING, LLC erroneously named as
NELNET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

PETER ZOCCO, individually and on behalf of all other similarly situated,

Plaintiff,

v.

NELNET, INC.,

Defendant.

Case No. 5:25-cv-04470-NW

**DEFENDANT NELNET, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Date: June 17, 2026
Time: 9:00 a.m.
Ctrm: 3, 5th Floor

Judge: Hon. Noël Wise

Defendant NELNET SERVICING, LLC ("Nelnet") hereby files its Reply ("Reply") to Plaintiff's Opposition to Defendant's Motion to Dismiss (Document No. 43) ("Opposition") filed by Plaintiff PETER ZOCCO and in further support of Nelnet's Motion to Dismiss First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Document No. 42) (the "Motion"), states as follows:



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 5

II. ARGUMENT ........ 6

A. Zocco's Claims Should be Dismissed under Rule 12(b)(1). ........ 6

1. Zocco Lacks Standing to Bring His CIPA Claims. ........ 6
2. Zocco Lacks Standing to Bring an Invasion of Privacy Claim. ........ 11

B. Zocco's CIPA Claims Should also be Dismissed under Rule 12(b)(6). 12

1. The Law-of-the-Case Doctrine Bars Zocco's Arguments that the Party Exception Does Not Apply to Zocco's Section 631 and 632 Claims. 12
2. Zocco Fails to State a Plausible CIPA Section 631 Claim. ........ 14
3. Zocco Fails to State a Plausible CIPA Section 632 Claim. ........ 15

C. Zocco's Claims Should be Dismissed with Prejudice Because he has Shown Further Amendment Will Not Save His Claims. ........ 19

III. CONCLUSION ........ 19

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

# TABLE OF AUTHORITIES

**Page(s)**

*Federal Cases*

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) .... 18

*Daugherty v. Padagis US LLC*,
794 F. Supp. 3d 674 (N.D. Cal. 2025) .... 15

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) .... 15

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .... 6, 8, 9

*id.*; *In re Apple Data Priv. Li,*
*tig.*, No. 5:22-CV-07069-EJD, 2026 WL 146025 (N.D. Cal. Jan. 20, 2026). 16, 17

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .... 13, 14

*L.B. v. LinkedIn Corp.*,
No. 5:24-CV-06832-EJD, 2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) .... 18

*Levitt v. Yelp! Inc.*,
765 F.3d 1123 (9th Cir. 2014) .... 15

*Magliocca v. United Healthcare Servs., Inc.*,
No. 2:25-CV-3388 WBS SCR, 2026 WL 878694 (E.D. Cal. Mar. 31, 2026) .... 6

*Mangaoang v. Special Default Servs., Inc.*,
427 F. Supp. 3d 1195 (N.D. Cal. 2019) .... 14

*Marble Voip Partners LLC v. Zoom Video Commc'ns, Inc.*,
No. 23-CV-03619-JSW, 2024 WL 86859 (N.D. Cal. Jan. 8, 2024) .... 12, 13

*Maren Anderson et al. v. Nat'l Collegiate Athletic Ass'n et al.*,
2026 WL 925519 (C.D. Cal. Mar. 25, 2026) .... 7, 8

*Ramirez v. LasikMD USA, Inc.*,
No. 24-CV-2221-CAB-DDL, 2026 WL 194855 (S.D. Cal. Jan. 26, 2026) .... 11

*Semien v. PubMatic, Inc.*,
No. 25-cv-3164, 2026 WL 216333 (N.D. Cal. Jan. 27, 2026) .... 7

*Silvers v. Sony Pictures Ent., Inc.*,
402 F.3d 881 (9th Cir. 2005) .... 19

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .... 18

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .... 8, 9, 10

*Turner v. Nuance Commc'ns, Inc.*,
735 F. Supp. 3d 1169 (N.D. Cal. 2024) .... 19

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

*United States v. Alexander*,
106 F.3d 874 (9th Cir. 1997) .......... 13
*Wooten v. BioLife Plasma Servs. L.P.*,
807 F. Supp. 3d 1139 (E.D. Cal. 2025) .......... 6, 10, 11

*State Cases*

84 Cal. App. 4th .......... 18

*State Statutes*

Cal. Penal Code § 31 to Section 632 .......... 19
Cal. Penal Code § 632(a) .......... 18, 19
Cal. Penal Code §§ 631(a), 632 .......... 19
Section 632 .......... 18, 19

*Other Authorities*

Restatement (Second) of Torts § 652B .......... 8

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Zocco's Opposition ignores the two things that doom his CIPA claims.[1] First, the Opposition does not explain how any of the information Zocco alleges Nelnet disclosed caused him a concrete injury or how the information disclosed was a required "communication" under Section 632(a). Second, the Opposition fails to explain how Zocco's renewed arguments about the party exception to his CIPA claims are not barred by the law-of-the-case doctrine given that this Court already decided that issue on materially the same allegations.

On the points Zocco does not ignore, his arguments against dismissal are unpersuasive. Zocco fails to establish standing for his CIPA claims because the information he alleges Nelnet disclosed is neither personal nor private such that it can support a concrete injury, and Zocco does not allege he was ever the subject of a targeted ad. Zocco also lacks standing to support his invasion of privacy claim because he does not allege any imminent future harm.

Zocco's CIPA claims remain implausible despite his attempt to replead them. Zocco does not distinguish among the various technologies, versions, and devices that he lumps under the term "Google Analytics." But he must in order to provide Nelnet with sufficient notice and to establish that Nelnet did not use "Google Analytics" in a manner permitted by Section 631(a). Zocco does not establish that the information he alleges was disclosed qualifies as "communications" under Section 632 despite it consisting of exchanges that do not convey ideas. And Zocco fails to plausibly allege the remaining elements of confidentiality and a recording under Section 632, or that Section 632 supports aiding and abetting liability.

Because Zocco has already had a chance to try to save his claims through repleading, this Court should dismiss Zocco's claims with prejudice.

[1] The terms used herein have the same meanings as given them in the Motion.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

## II. ARGUMENT

### A. Zocco's Claims Should be Dismissed under Rule 12(b)(1).

#### 1. Zocco Lacks Standing to Bring His CIPA Claims.

The FAC does not establish a concrete injury based on the information allegedly disclosed. Nor does it establish that the harms Zocco alleges are similar to traditional harms under common law. Zocco further fails to materially distinguish this case from *Wooten v. BioLife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139 (E.D. Cal. 2025). And neither the FAC nor the Opposition alleges a likelihood of actual and imminent future injury sufficient to support an invasion of privacy claim.

##### a. Zocco Does Not Explain How the Information Allegedly Disclosed By Nelnet Supports a Concrete Injury.

Zocco contends that his allegations satisfy the concreteness requirement for standing because his CIPA claims allege disclosures of "private," "personal," or "PII," which he contends various cases have recognized as concrete harms. *See* Opp'n pp.5:3-7:6. Yet Zocco does not provide authority or reasoning for the proposition that any of the information Nelnet allegedly disclosed is correctly characterized as private, personal, or PII. *See id.*; *see also generally* FAC.

As the Motion explains, Zocco alleges interception of information like IP addresses, partial phone numbers, partial email addresses, versions of operating systems, browsers, languages, screen resolutions, URLs, and User-IDs. *See* Motion pp.14:1-6; FAC ¶¶ 50, 56, 70, 74. None of this information is personal or private information the disclosure of which constitutes a concrete harm, and Zocco does not offer authority holding otherwise. *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049-50 (N.D. Cal. 2022) (concluding that disclosure of "basic contact information, including one's [full] email address, phone number, . . . or user name" could not sustain "the common law privacy torts of private disclosure of private facts and intrusion upon seclusion" so as to establish a concrete harm); *Magliocca v. United Healthcare Servs., Inc.*, No. 2:25-CV-3388 WBS SCR, 2026 WL 878694, at *4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

(E.D. Cal. Mar. 31, 2026) (concluding that URLs and IP addresses were among information "that courts have repeatedly found insufficient to establish a concrete injury" (quoting *Semien v. PubMatic, Inc.*, No. 25-cv-3164, 2026 WL 216333, at *5 (N.D. Cal. Jan. 27, 2026)).

Indeed, none of the many parentheticals in the Opposition state, for example, that a screen resolution or partial email address is private information that gives rise to a concrete injury if disclosed. *See* Opp'n pp.3:10-7:6. Zocco cites cases that address, for example, browsing history, Facebook IDs, likes, dislikes, interests, and habits, but these are not among the information that the FAC alleges was disclosed. *See id.* pp.5:9, 5:18, 6:9, 6:12, 6:15; FAC ¶¶ 50, 56, 70, 74. So these cases do not help him show an injury sufficient for standing.

The additional features of the allegedly disclosed information that Zocco points to—again without specifically analyzing any of the above listed information—do not render the information private or concrete. *See* Opp'n pp. 5:5-7, 6:3-16 (arguing that, because the information was conveyed in a portal and can be paired with other information to "become directly attributable" to a plaintiff, a concrete injury exists). As discussed, none of the information is private, personal, etc. such that disclosing it constitutes a concrete injury. So there is no reason to infer pairing it with other similarly insufficient information or conveying it in a specific setting like a portal makes its disclosure a concrete injury. And Zocco does not cite authority for the proposition that amalgamating information that could not support a concrete injury—and obtained *after disclosure* (*i.e.*, after the alleged injury)—into a browser-fingerprint creates a concrete injury. Opp'n pp. 5:3-6:16.

Zocco cites *Maren Anderson et al. v. Nat'l Collegiate Athletic Ass'n et al.*, 2026 WL 925519, at *5 (C.D. Cal. Mar. 25, 2026), for the proposition that his use of the Website portal rendered private the information conveyed through the portal. *See id.* p.6:3-7. But *Maren* does not address how information being obtained through a portal can render disclosure of it a concrete injury. *See generally Maren*,

2026 WL 925519, at *5. It is also not apparent from *Maren* how the information Nelnet allegedly disclosed must be considered private—especially when it includes information differing from that deemed personal and supporting concreteness in *Maren*. *See id.* (observing that plaintiffs alleged disclosure of, among other information, "unique digital identifiers, session data, clickstream activity, geolocation information, browsing history, and *other personal information*" (emphasis added)); *but see id.* (acknowledging that "an IP address alone is not sufficiently private information to confer standing").

Zocco's CIPA claims thus must be dismissed because the alleged disclosures of information are not concrete harms. *See* FAC ¶¶ 50, 56, 70, 74.

b. Zocco has not Established that His Alleged Harms are Analogous to a Traditional Harm under Common Law.

Zocco argues that Nelnet's alleged disclosure of information is analogous to the common law tort of intrusion upon seclusion such that disclosure establishes a concrete injury. *See* Opp'n pp.4:6-16. But Nelnet's alleged disclosure of Zocco's information is not like an intrusion upon seclusion.

To establish an injury-in-fact, a plaintiff's alleged harm must bear a close relationship to a harm "traditionally recognized as providing a basis for a lawsuit in American courts," which can include intangible harms. *Zynga*, 600 F. Supp. 3d at 1048 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021)). Concrete intangible harms include intrusion upon seclusion. *See id. Zynga* described an intrusion upon seclusion thusly: "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for an invasion of privacy, if the intrusion would be highly offensive to a reasonable person." *Id.* (quoting Restatement (Second) of Torts § 652B).

*Zynga* held that the plaintiffs failed to establish a close relationship to the traditionally recognized harm of intrusion upon seclusion and dismissed the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

plaintiffs' claims for failure to allege a concrete injury. *See id.* at 1050, 1055. The *Zynga* court reasoned that "[p]laintiffs [did] not demonstrate[] that the information stolen was of a nature that disclosure or intrusion thereupon would be highly offensive to the reasonable person." *Id.* at 1049. The court was "hard pressed to conclude that basic contact information, including one's email address, phone number, or Facebook or Zynga username, is private information" the disclosure of which would be highly offensive to a reasonable person. *Id.* at 1049.

Zocco again fails to analyze how disclosure of any of the specific types of information alleged in the FAC, like a screen resolution, meets the standard for an intrusion upon seclusion. *See id.*; FAC ¶¶ 50, 56, 70, 74. Zocco could not meet the standard in any event because the disclosures alleged in the FAC would not be highly offensive to a reasonable person in our modern society under *Zynga*. If neither a *full* email address nor a *full* phone number constituted private information the disclosure of which would be highly offensive to a reasonable person in *Zynga*, then neither the disclosure of a *partial* phone number or *partial* email address—which cannot be used to contact someone—can be enough for concrete harm. *See Zynga*, 600 F. Supp. 3d at 1049; FAC ¶ 74. And the partial email addresses and phone numbers, although not private, were nonetheless the *most* private of the information Nelnet allegedly disclosed. So the rest of the allegedly disclosed information cannot place Zocco's alleged harms sufficiently close to an intrusion upon seclusion either. *See* FAC ¶¶ 50, 56, 70, 74.

Zocco's CIPA claims therefore fail to establish an injury close enough to a traditional harm to establish a concrete injury and must be dismissed for lack of standing.

c. Zocco Fails to Distinguish *Wooten*.

Zocco contends that *Wooten* is inapplicable based on immaterial distinctions. *See* Opp'n pp.4:17-5:2, 6:17-7:6. First, Zocco emphasizes that *Wooten* entailed a one-time collection and dissemination. *See id.* p.4:19. Zocco contrasts his

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

allegations as "repeated and continuous" disclosures and asserts that he had no choice but to use the Website and cause more disclosures. *Id.* p.4:22. But *Wooten's* holding on standing grounds did not depend on the dissemination only occurring once. This is reflected in the *Wooten* court's analysis. *See Wooten*, 807 F. Supp. 3d at 1144. For example, the court explained that "courts have held that there is no legally protected privacy interest in an IP address or, in many contexts, in such relatively quotidian private information as an email address[,]" but did not qualify this statement by saying that more than one disclosure of an email address or IP address would render the harm concrete. *Id.* Nor did the court find that more than one disclosure would render the alleged harm sufficiently similar to a highly offensive disclosure actionable at common law. *See id.* These rule statements—which do not depend on the quantity of disclosures—were the exact rule statements Nelnet relied on in its Motion to argue Zocco failed to establish a concrete injury based on Nelnet's alleged disclosures. *See* Motion p.13:11-17.

Next, Zocco alleges that, unlike in *Wooten*, the information that Nelnet allegedly disclosed was "inherently private" because it occurred on a website portal and is legally protected under the GLBA and CFIPA. Opp'n pp.4:25-5:2. As discussed, Zocco cites no authority for the proposition that information being generated in a portal makes disclosure of that information a concrete harm. *See* Section II.A.1.a *supra*. And Zocco's reliance on the GLBA and CFIPA is unavailing because he must establish a concrete injury for Article III purposes regardless of whether he has alleged a violation of those statutes. *See TransUnion*, 594 U.S. at 426 ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)).

Next, Zocco mentions—but does not respond to—Nelnet's position that *Wooten* applies even though the case did not address an aiding-and-abetting theory. Opp'n p.7:2-6; Motion p.14 n.3. Under *Wooten*, Zocco has failed to show concrete

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

harm sufficient to pursue an alleged violation of CIPA. So Zocco's derivative claims against Nelnet for aiding-and-abetting a CIPA violation lack sufficient harm and thus fail. *See* Motion p.14 n.3.

And finally, Zocco ignores a critical component of Nelnet's *Wooten*-based arguments. *See* Opp'n pp.3:4-7:6. Like in *Wooten*, Zocco only alleges Google Analytics has the *capability* to be used to create a browser-fingerprint and engage in targeted advertising, not that it was indeed used to *target him* with an ad. *See* Motion p.14:11-21; *Wooten*, 807 F. Supp. 3d at 1145. The FAC does not allege Zocco was the subject of a targeted ad, and Zocco only speculates about what information *might* have been disclosed based on Google Analytics's capabilities. *See id.* p.14:21-22; FAC ¶¶ 36-81. Zocco thus fails to establish an actual injury based on his allegations of a browser-fingerprint and targeted advertising. *See* *Wooten*, 807 F. Supp. 3d at 1145.

2. Zocco Lacks Standing to Bring an Invasion of Privacy Claim.

Zocco argues that he has established standing for prospective injunctive relief because he alleges that he will continue to use the Website and that the disclosures to Google thus will continue. *See* Opp'n p.7:8-23. But Zocco's allegations only concern his past conduct rather than "the likelihood of actual and imminent future injury." *Ramirez v. LasikMD USA, Inc.*, No. 24-CV-2221-CAB-DDL, 2026 WL 194855, at *4 (S.D. Cal. Jan. 26, 2026).

Zocco cites only two allegations to argue he has established actual and imminent future injury. *See* Opp'n p.7:17 (citing FAC ¶¶ 6-7). Neither mention any future harm or use future tense. *See id.* Rather, in paragraph 6 of the FAC, Zocco alleges that he "created his Nelnet account in or around 2022 and *most recently* accessed his Nelnet account to make a student loan payment in *April 2025*." FAC ¶ 6 (emphasis added). Crucially, Zocco does not alleged what, if any, additional disclosures of his information could be made. *See* FAC ¶¶ 6-7. Zocco does not allege that he has new financial information, a new phone number, a new email

address, a new screen resolution, uses a new language, or has otherwise inputted any new information into the Website that could now be disclosed beyond the information that already was allegedly disclosed. *See id.* ¶¶ 6-7, 50, 74. Zocco has thus failed to allege a likelihood of actual and imminent future injury to support standing to bring an invasion of privacy claim.

### B. Zocco's CIPA Claims Should also be Dismissed under Rule 12(b)(6).

#### 1. The Law-of-the-Case Doctrine Bars Zocco's Arguments that the Party Exception Does Not Apply to Zocco's Section 631 and 632 Claims.

##### a. Zocco Made No Material Changes to His CIPA Claims Between the Complaint and FAC.

Zocco argues that Nelnet is mistaken that there were no material changes between the Complaint and the FAC because the FAC "clarif[ied]" Nelnet's "liability for violations of CIPA under a theory of aiding Google's unlawful conduct." Opp'n p.8:6-7; *see id.* pp.8:4-9:4. Zocco offers no comparisons between the allegations in the Complaint and the FAC to support this assertion, and instead he merely argues that the FAC allegations support an aiding-and-abetting theory of liability. *See id.* pp.8:4-9:4. As Nelnet explained in the Motion, the Complaint made aiding-and-abetting allegations almost identical to the aiding-and-abetting allegations in the FAC and incorporated them into Zocco's CIPA claims. *See* Motion pp.10:13-11:3. Zocco has thus made no material changes to his CIPA claims between the Complaint and the FAC.

##### b. The Law-of-the-Case Doctrine Bars Zocco's Arguments that the Party Exception Does Not Apply to Nelnet.

The Court should not consider Zocco's renewed arguments that his CIPA claims are not barred by the party exception because consideration of his arguments would run afoul of the law-of-the-case doctrine. That doctrine "generally preclude[s] [a court] from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Marble Voip Partners LLC*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

*v. Zoom Video Commc'ns, Inc.*, No. 23-CV-03619-JSW, 2024 WL 86859, at *2 (N.D. Cal. Jan. 8, 2024) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). But "a court may exercise its discretion and decline to follow the law of the case where '1) the first decision was clearly erroneous; 2) an intervening change in the law occurred; 3) evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.'" *Id.* (quoting *Alexander*, 106 F.3d at 876).

Because Zocco has made no material changes to his CIPA claims, his Opposition constitutes an attempt to raise new arguments about issues already decided in the Order. Most notably, Zocco argues at length that his CIPA claims in the FAC—which are still based on the same aiding-and-abetting allegations alleged in the Complaint—are not barred by the party exception. *See* Opp'n pp.9:5-13:3; Motion pp.10:13-11:7. But the Order squarely decided that the party exception applied to bar Zocco's claims under both Sections 631 and 632 of CIPA. *See* Order pp.8:9-9:18 & n.6. Zocco's arguments that the party exception does not apply to his CIPA claims are thus barred by the law-of-the-case doctrine.

Zocco acknowledges the law-of-the-case doctrine could apply, but fails to argue that any of the discretionary grounds for not applying the doctrine exist. *See* Opp'n pp.1:23-2:2; *Marble*, 2024 WL 86859, at *2. He alludes to there being changed circumstances because he "is *now* bringing his wiretapping claims under an aiding theory," but, as discussed, the aiding and abetting theory was already raised and incorporated into Zocco's CIPA claims. *Id.* p.1:23-24 (emphasis added); *see* Motion pp.10:13-11:3.

Nor does Zocco argue that this Court's previous decision was clearly erroneous. *Marble*, 2024 WL 86859, at *2. And this Court could not have clearly erred because it relied on Ninth Circuit authority stating that "[c]ourts perform the same analysis for both the Wiretap Act and CIPA regarding the party exemption." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020); *see*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

Order p.9 n.6. This language is categorical, binding on this Court, and not qualified with language suggesting that any section of CIPA or an aiding and abetting theory evades its reach. *See In re Facebook*, 956 F.3d at 607.

Despite citing *In re Facebook* several times, Zocco does not argue that this language from *In re Facebook* does not extend to aiding and abetting theories. *See, e.g.*, Opp'n pp. 3:26, 4:12, 6:10, 9:9, 11:25. Zocco twice quotes the following line from *In re Facebook* in a parenthetical: "Permitting an entity to engage in the unauthorized duplication and forwarding of unknowing users' information would render permissible the most common methods of intrusion, allowing the exception to swallow the rule." 956 F.3d at 608; *see* Opp'n pp.9:9-12, 11:25-12:2. But this quote does not contradict the language from *In re Facebook* that this Court relied on in its Order, and Zocco does not allege that Nelnet "duplicated and forward[ed]" information. *See generally* FAC.

Nelnet is thus exempt under the party exception from Zocco's CIPA claims based on aiding-and-abetting liability under *In re Facebook* and the law of this case. There is no basis for this Court to revisit that conclusion on materially unchanged allegations, particularly where Zocco did not follow the Court's guidance for pleading around the exception.[2]

2. Zocco Fails to State a Plausible CIPA Section 631 Claim.

Zocco asserts that Nelnet is attempting to impose an "artificially high pleading standard" by arguing that his allegations must explain which of the various technologies in the FAC transmit data to Google rather than merely serve as a tool for Nelnet. Opp'n p.10:4-5. Zocco is incorrect.

---

[2] This Court should further judicially estop Zocco from now arguing that the party exception does not apply because Zocco argued without qualification in his opposition to the First Motion to Dismiss that the ECPA and CIPA analyses are the same. *Compare, e.g.*, Opp'n p.11:17 (stating there is a "distinction between the ECPA and CIPA") *with* Plaintiff's Opposition to Defendant's Motion to Dismiss, Docket No. 26, p.11:16-17 (stating that "the analysis for ECPA claims and CIPA claims is the same," so the Court must "reach the same conclusion for [Zocco's] CIPA [and ECPA] claims"); *Mangaoang v. Special Default Servs., Inc.*, 427 F. Supp. 3d 1195, 1207 (N.D. Cal. 2019) (providing the factors for judicial estoppel).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

Zocco alleges many technologies—some of which Google allegedly uses for targeted ads and some of which are merely "tool[s] for [Nelnet's] website traffic analysis"—and lumps them under the term "Google Analytics." FAC ¶¶ 45, 46; *See id.* ¶¶ 44-47, 56-58; Motion p.19:5-21. By only alleging that Nelnet violated CIPA through installing amorphous "Google Analytics," Zocco fails to provide Nelnet with sufficient notice of what technology, version, software, etc. Nelnet installed that allegedly violated CIPA. *See Daugherty v. Padagis US LLC*, 794 F. Supp. 3d 674, 686 (N.D. Cal. 2025) (explaining that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." (quoting *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014)). And more is required to plausibly allege that by using some technology, Nelnet was not merely acting permissibly as a party. *See Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1121 (C.D. Cal. 2024) ("[T]o avoid the party exception [and establish aiding and abetting liability], a plaintiff *must plausibly allege* that the third-party software provider has the capability to use the communications for a purpose other than one on behalf of the defendant." (emphasis added)).

Zocco thus fails to state a plausible Section 631 claim.

3. Zocco Fails to State a Plausible CIPA Section 632 Claim.

a. Zocco Does Not Plausibly Allege a Communication.

Zocco fails to demonstrate that the allegations in the FAC plausibly allege "communications." *See* Opp'n p.13:5-26. Zocco asserts that he has not "merely" alleged "interception of automatically generated metadata[,]" but "content-bearing exchanges." *Id.* pp.13:6, 13:9-10. Zocco's statement that he does not "merely" rely on metadata is a concession that Zocco's Section 632 claim depends partly on the incorrect premise that non-content-based metadata is a "communication" of PII. *See id.* No matter what Zocco means by "metadata," his allegations posit "exchanges" without substance as "communications" of PII. *See* FAC ¶ 50 (alleging Google

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

Analytics "collects PII, such as IP addresses" and "the user's operating system, operating system version, browser, language, and screen resolution"); *id.* ¶ 56 (alleging Google "intercepted users' interactions on the Website, including their PII" such as "User-IDs"); *id.* ¶ 70 (alleging Nelnet discloses information to Google including "the last four digits of their cell phone and partial email address"); *id.* ¶ 74 (alleging Nelnet discloses "personal information" about users including IP addresses, information about their devices, User-Ids, the last four digits of phone numbers, and partial email addresses). Critically, Zocco does not allege that the intercepted "PII" consists of anything *but* such non-content-bearing data, so his Section 632 claim must be dismissed as much as it is based on what he has deemed "PII" or "personal information." *See, e.g.*, FAC ¶¶ 50, 56, 70, 74.

Zocco only quotes a single allegation to support the proposition that he alleges "communications" and otherwise hides behind paraphrases and vague language. *See* Opp'n p.13:6-9 (quoting FAC ¶ 34). That allegation states that "as set out below, the confidential communications stem from Website users typing into data fields, conveying responses to questions and prompts." FAC ¶ 34. The allegation does not specify what the substance of the "responses to questions and prompts" or information *is*—other than promising to set out the information "below." Nelnet and this Court thus are left to guess what was intercepted and whether it was aggregated into a browser-fingerprint. *See generally* FAC.

The only allegations appearing to satisfy Zocco's promise of "set[ting] out below" the confidential communications Nelnet disclosed—as opposed to what Google Analytics is *capable* of disclosing, *see* FAC ¶¶ 36-66—begin at paragraph 67 (under the heading "Defendant's Use of Google Analytics"). *See* FAC ¶¶ 67-81. But the only particular information described in those allegations include things like screen resolutions, partial phone numbers, partial email addresses, etc. that are neither substantive nor an exchange of ideas. *See id.*; *In re Apple Data Priv. Litig.*, No. 5:22-CV-07069-EJD, 2026 WL 146025, at *6 (N.D. Cal. Jan. 20, 2026). To

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

present a façade of not relying exclusively on such information, Zocco intermittently mixes vague language like "financial information," "interactions," "information related to financial services," and "personal information" into these allegations that doesn't imply any particular substance or exchange of ideas. *See, e.g.*, FAC ¶¶ 67, 70, 72, 74. Zocco has thus failed to provide even a single example of an allegation that plainly or plausibly describes a communication.

Finally, Zocco's explanation of what occurs while a user is on the Website portal and how the borrower "is communicating substantive financial decisions" is a reimagination of the only allegation he cites for this proposition: FAC ¶ 73. *See* Opp'n p.13:17-21. That allegation provides that "when a consumer logs into their Nelnet account and makes a payment or opts for repayment options, Defendant discloses such information to Google through its use of Google analytics" and lists screenshots of options that a user can apparently select and associated metadata. FAC ¶ 73. But selecting an option on a website is not tantamount to *communicating* a *substantive* financial decision. *See In re Apple*, 2026 WL 146025, at *7 (concluding that "what users tapped [while using a device] . . . fell into the bucket of 'non-content-based conduct coincident to the communication' as opposed to part of the 'communication' itself.").

Zocco thus fails to plausibly allege communications, and his Section 632 claim must be dismissed.

b. Zocco Does Not Plausibly Allege "Confidential" Communications.

Zocco asserts that the purported communications are not presumptively non-confidential because his allegations meet the standard for "confidentiality" under Section 632. *See* Opp'n p.14:1-22. Zocco confuses satisfying the standard for confidentiality with overcoming the presumption that no reasonable expectation of confidentiality exists for internet-based communications. *See* Motion p.22:27-23:10. He provides no basis for not applying the presumption other than a case,

*Brown v. Google LLC*, 685 F. Supp. 3d 909, 938 (N.D. Cal. 2023), that is post-dated by Nelnet's authority for the presumption, *L.B. v. LinkedIn Corp.*, No. 5:24-CV-06832-EJD, 2025 WL 2899514, at *18 (N.D. Cal. Oct. 10, 2025). And the fact that *L.B.* declined to decide the issue of confidentiality at the pleading stage does not equate to a holding that the presumption cannot apply at this point. *See* Opp'n p.14:19-22; *L.B.*, 2025 WL 2899514, at *18.

c. Zocco Does Not Plausibly Allege Eavesdropping or Recording.

Zocco contends that he plausibly alleged "recording" under Section 632 because "recording device" in Section 632 entails a device that can record communications on a website. Opp'n pp.14:26-15:5. But satisfying the meaning of "recording device" is different from satisfying the meaning of "record," which appears earlier in Section 632(a) and is the term on which Nelnet's argument is based. *See* Cal. Penal Code § 632(a). None of the authority Zocco relies on supports the proposition that "record" must apply to non-audio communications. *See* Opp'n pp.14:27-15:2. In any event, Zocco's assertions that "recording device" must encompass a device that could record communications on websites is not inconsistent with "record" referring exclusively to sounds because it is possible to use software to record sounds generated by a website. *See* Cal. Penal Code § 632(a).

Zocco does not cite authority for the proposition that "Section 632 is not limited to audio recordings," and he does not attempt to argue his allegations satisfy the criteria under *Drennan* that are couched in terms of sounds. *See* 84 Cal. App. 4th at 1356; Motion 23:14-24:12. Zocco thus failed to establish the "recording" element of a Section 632 claim. *See Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 943 (N.D. Cal. 2024).

Zocco asserts that he established "eavesdropping" under Section 632(a) as well, but Zocco does not respond to Nelnet's argument that it was a party to the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918

purported communications that cannot "eavesdrop" under Section 632(a). *See* Opp'n p.15:6-11; Motion p.24:3-4; *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1182 & n.4 (N.D. Cal. 2024). Zocco cites no authority for the proposition that "assisting" eavesdropping renders Nelnet liable under Section 632(a) in spite of the fact that a party to a conversation cannot be liable for eavesdropping under Section 632. *See* Opp'n p.15:10-11; *Turner*, 735 F. Supp. 3d at 1182 & n.4.

d. Section 632 Does Not Support Aiding and Abetting Liability.

Zocco asserts that Section 632 supports aiding and abetting liability despite conceding that Section 632 does not contain derivative liability language. *See* Opp'n p.15:13-24. While Zocco points to cases applying Cal. Penal Code § 31 to Section 632, neither Zocco nor those cases reconcile that Section 631(a) explicitly provides for derivative liability while the very next Section, 632, does not, which evidences legislative intent that the latter not provide for derivative liability. *See* Cal. Penal Code §§ 631(a), 632; *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 885 (9th Cir. 2005); Motion p.24:14-23. Zocco's Section 632 claim should thus be dismissed to the extent that it posits aiding and abetting liability.

**C. <u>Zocco's Claims Should be Dismissed with Prejudice Because he has Shown Further Amendment Will Not Save His Claims.</u>**

Zocco contends that his claims should not be dismissed with prejudice because this Court did not reach all of the issues raised in the First Motion to Dismiss and Zocco's opposition to it. *See* Opp'n p.16:1-15. Zocco does not respond to Nelnet's argument that Zocco's failure to follow this court's instructions for potentially curing his CIPA claims' failure to establish the crime-tort exception warrants dismissal with prejudice. *See* Motion pp.24:24-25:9. By declining to follow this Court's instructions, Zocco has demonstrated that he either cannot or will not amend his allegations to assert plausible claims.

## III. CONCLUSION

Accordingly, this Court should dismiss the FAC with prejudice.

Dated: April 16, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jonathan C. Sandler
Jonathan C. Sandler
Alex Wolfe
Attorneys for Defendant
NELNET SERVICING, LLC
ERRONEOUSLY NAMED AS
NELNET, INC.

35707980.1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, CA 90067-2918